UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1347-JAR |
| ) | |
| SGT. HORAN and ST. ALEXIS ) | |
| HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Marvin Stokes, an inmate at Fulton Reception and Diagnostic Center ("FRDC"), for leave to commence this action without prepayment of the required filing fee. Having reviewed plaintiff's motion and his certified inmate account statement, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0.45. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against defendant Sgt. Horan, Sheriff of an unidentified county, and St. Alexis Hospital. According to his statement of the case, on December 16, 2015, plaintiff was arrested for drug possession by officers from an unidentified police department. The officers believed plaintiff had ingested narcotics, so they transported him to St. Alexis Hospital to have his stomach pumped. Medical personnel at the hospital, however, determined that a hernia on plaintiff's groin needed immediate attention. Mr. Stokes underwent a hernia operation, and afterward was placed in a recovery room.

After awaking from the surgery, because he was in custody, Mr. Stokes was being monitored by Sgt. Horan. Plaintiff asked Sgt. Horan to use the restroom. Sgt. Horan cuffed plaintiff's ankles, and allowed him to use the restroom. Plaintiff alleges:

> Mr. Stokes entered the bathroom, began [gasping] for air, notice[d] a window open, crawled out the window, which is or was on the 5th floor, unable to crawl back in the window, Mr. Stokes hang calling for help until he wasn't able to hold on any longer falling from the 5th floor to the 2nd floor roof below the window.

Plaintiff broke his ribs, elbow, and leg as a result of the fall. His injuries required two additional surgeries and he is now confined in an air cast. Plaintiff seeks damages of $10,000,000 for his unpaid hospital and doctors' bills and mental anguish.

## Discussion

As to his legal theory, plaintiff states that perhaps his fall from the fifth story hospital window could have been prevented if all the windows at the hospital had been "secured and

-2-

unable to open" and if the bathroom door "didn't lock on its own." Liberally construed, the Court will address plaintiff's claims as negligence claims against defendants St. Alexis Hospital and Sgt. Horan.

As a threshold matter, St. Alexis Hospital is not a state actor for purposes of liability under § 1983. Section 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, plaintiff does not allege St. Alexis Hospital came to any understanding with any state actors to violate plaintiff's constitutional rights.

As for Sgt. Horan, plaintiff could be stating a claim of negligence against Sgt. Horan for insufficient supervision while plaintiff was in custody.[1] In *Daniels v. Williams*, 474 U.S. 327, 329-30 (1986), however, the United States Supreme Court held that mere negligence on the part of state officials cannot state a claim for a due process violation under § 1983. Due process "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Id.* at 328 (emphasis in original). "[M]ere lack of due care by a state official" does not "deprive an individual of life, liberty or property under the Fourteenth Amendment." *Id.* at 330-31 (finding no due process claim where petitioner sought damages for injuries sustained when he slipped on a pillow negligently left on stairs by prison officials); *see also Lane v. Sarpy Cty.*, 165 F.3d 623, 624 (8th Cir. 1999) (no due process claim where officers mistakenly arrest and detain for six hours an individual believed to be a different individual with

---

[1] Plaintiff alleges his legs were shackled and he was still feeling the effects of his surgical anesthesia at the time he went to the restroom.

the same name). To the extent plaintiff seeks to hold Sgt. Horan, plaintiff's custodial officer, responsible for plaintiff's fall from the hospital window, the Court finds the allegations of negligence do not rise to the level of conduct that would be actionable under § 1983. Because plaintiff has failed to state a plausible claim on which relief may be granted, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $0.45 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of October, 2018.

                                                           JOHN A. ROSS
                                                          UNITED STATES DISTRICT JUDGE